UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Corey Jones,                                      Case No. 3:25-cv-2693

           Plaintiff,

v.                                             MEMORANDUM OPINION
                                                       AND ORDER

Jennifer Friddell, *et al.*,

           Defendants.

## I.    INTRODUCTION AND BACKGROUND

Plaintiff Corey Jones, proceeding *pro se*, filed an "emergency motion" for an *ex parte* temporary restraining order. (Doc. No. 4). Jones seeks an order enjoining the Toledo, Ohio Municipal Court from enforcing a bench warrant issued after Jones failed to appear for a probation violation hearing. (*Id.*); *see also City of Toledo v. Jones*, Case No. CRB-23-00606. Jones is serving a five-year term of probation because he previously was found guilty before the Toledo Municipal Court on several charges, including telecommunications harassment. For the reason stated below, I deny Jones' motion.

## II.    DISCUSSION

The movant bears the burden of demonstrating that a temporary restraining order is warranted under Fed. R. Civ. P. 65(b). *See Jane Doe v. Barron*, 92 F. Supp. 2d 694, 695 (S.D. Ohio 1999). In determining whether to issue a TRO or a preliminary injunction, I must examine and weigh the following four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is

not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Mich. High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*).

When a party seeks issuance of a temporary restraining order without prior notice to the opposing party, the movant show:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the [movant must certify] . . . in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Jones fails to make either showing. He claims he will suffer immediate and irreparable harm if he is arrested on the outstanding bench warrant and that providing Defendants with notice "would likely trigger" his arrest. But two days after the bench warrant was issued on November 19, 2025, Jones himself provided the Toledo Municipal Court with his address. (*See* Doc. No. 1-3 at 1). He fails to explain how providing Defendants notice of his motion would make it any more likely that he will be arrested than his own prior conduct.

Moreover, this is the third time a Toledo Municipal Court judge has been forced to enter a bench warrant due to Jones' failure to appear for court hearings. *See City of Toledo v. Jones*, Case No. CRB-23-00606. In both previous instances, Jones has had the opportunity to respond to the warrants and maintain his release on bond. *Id.* Thus, Jones has not met his "substantial burden" to demonstrate he is entitled to the extraordinary relief he seeks. *Essak v. Sosnowski*, No. 25-11470, 2025 WL 2533984, at *2 (E.D. Mich. Sept. 3, 2025) (citing *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000)) (abrogated on other grounds by *Winter v. Nat'l Resources Defense Council*, 555 U.S. 7 (2008)).

Even if I assume Jones could meet that burden, his motion still fails. A court may not enter a temporary restraining order unless the party seeking the order can show he would suffer an irreparable injury without it. *See, e.g., EOG Resources, Inc. v. Lucky Land Mgmt., LLC*, 134 F.4th 868, 884 (6th Cir. 2025). "'Irreparable' means 'not fully compensable by monetary damages.'" *Id.* (quoting *Overstreet*, 305 F.3d at 578). Jones has not shown the alleged violation of his constitutional rights could not be remedied by monetary damages.

### III. CONCLUSION

For the reasons stated above, I deny Plaintiff Corey Jones' motion for an *ex parte* temporary restraining order. (Doc. No. 4).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

3