UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Corey Jones,                                                            Case No. 3:25-cv-2693

            Plaintiff,

v.                                                             MEMORANDUM OPINION
                                                                  AND ORDER

Jennifer Friddell, *et al.*,

            Defendants.

## I. INTRODUCTION AND BACKGROUND

Plaintiff Corey Jones, proceeding *pro se*, filed an "emergency motion" for an *ex parte* temporary restraining order, seeking to enjoin the Toledo, Ohio Municipal Court from enforcing a bench warrant issued after Jones failed to appear for a probation violation hearing. (Doc. No. 4); *see also City of Toledo v. Jones*, Case No. CRB-23-00606. I denied the motion, concluding Jones failed to show he would suffer immediate and irreparable harm or met his burden to show Defendants should not first be given notice. (Doc. No. 5). Jones now moves for reconsideration of my decision. (Doc. No. 7). For the reason stated below, I deny Jones' motion.

## II. DISCUSSION

Rule 54(b) provides that any order or decision, other than a "final judgment" entered as described in the text of the Rule, "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the

parties' rights and liabilities." Fed. R. Civ. P. 54(b). "The major grounds justifying reconsideration of interlocutory orders are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998) (citing *Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973)) (further citation omitted). *See also Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.") (citing *Marconi Wireless Tel. Co. v. United States*, 320 U.S. 1, 47-48 (1943)).

Jones claims my earlier decision "contains material misstatements of fact and mischaracterizations of constitutional harm that directly affected the Court's analysis of irreparable injury, likelihood of success, and the propriety of ex parte relief." (Doc. No. 7 at 2). But Jones has not identified a clear error or looming manifest injustice. Both his motion for a temporary restraining order and his motion for reconsideration are based on his assertion that he has "revoked" his consent to the jurisdiction of the Ohio courts and, therefore, he is not actually on probation and cannot be arrested for an alleged probation violation. (*Id.* at 3-4).

But, at the risk of being overly blunt, this simply is not how the law works. The Toledo Municipal Court has jurisdiction "within the corporate limits" of its municipal corporation, which are "the territorial boundaries of the municipal corporation and any townships that are coextensive with the municipal corporation." Ohio Rev. Code §§ 1901.02(A) & (C)(2). There is no principle of law which permits an individual to "exempt himself from complying with any federal, state, or local laws and ordinances . . . ." *Taylor v. Turner-McCall*, Case No. 1:25 CV 2508, 2026 WL 35849, at *2 (N.D. Ohio Jan. 6, 2026).

Jones's motion for reconsideration lacks merit and, therefore, I deny it.

### III. CONCLUSION

For the reasons stated above, I deny Plaintiff Corey Jones' motion for reconsideration of my denial of his motion for an *ex parte* temporary restraining order. (Doc. No. 7).

So Ordered.

                                                s/ Jeffrey J. Helmick
                                                United States District Judge