UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Corey Jones,                                                                               Case No. 3:25-cv-2693

                 Plaintiff,

       v.                                                            MEMORANDUM OPINION
                                                                          AND ORDER

Jennifer Friddell, *et al.*,

                 Defendants.

### I.     INTRODUCTION AND BACKGROUND

Plaintiff Corey Jones, proceeding *pro se*, filed suit pursuant to 42 U.S.C. § 1983, alleging Defendants Chief City of Toledo Probation Officer Jennifer Friddell, Toledo Municipal Court Clerk of Court Vallie Bowman-English, Judge Robert G. Hart, "Warrant Enforcement Unit Officers," and the Toledo Municipal Court violated his constitutional rights in connection with a telecommunications harassment charge filed against Jones in November 2025. (Doc. No. 1); *see also City of Toledo v. Jones*, Case No. CRB-23-00606. Jones is serving a five-year term of probation because he previously was found guilty before the Toledo Municipal Court on several charges, including telecommunications harassment. Jones seeks an order declaring the bench warrant issued for his arrest void *ab initio*, permanently enjoining Defendants from executing the warrant or taking any other action with respect to the November 2025 telecommunications harassment allegation, and dismissing his state court case. (Doc. No. 1 at 6). Jones also filed a motion to proceed *in forma pauperis*. (Doc. No. 2).

For the reason stated below, I dismiss Jones' complaint.

## II. DISCUSSION

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citation and quotation marks omitted). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the constitution by a person acting under color of state law. *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). Moreover, a § 1983 plaintiff "must plead that each Government-

official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Jones has not done so. After identifying the parties he sues, Jones alleges only that "Defendants" violated his rights. He does not identify what any particular Defendant specifically may have done to violate his constitutional rights. Therefore, Jones's complaint must be dismissed pursuant to § 1915(e)(2)(B). *See Lillard v. Shelby Cnty. Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996) (noting a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief); *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (holding where a person is named as a defendant in a case without an allegation of specific conduct, a complaint is subject to dismissal even under the liberal construction afforded pro se pleadings).

### III. CONCLUSION

For the reasons stated above, I grant Plaintiff Corey Jones's motion to proceed *in forma pauperis*, (Doc. No. 2), and I dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted. (Doc. No. 1). Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge