UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Corey Jones,

Case No. 3:25-cv-2693

Plaintiff,

v.

MEMORANDUM OPINION
AND ORDER

Jennifer Friddell, *et al.*,

Defendants.


## I. INTRODUCTION AND BACKGROUND

Plaintiff Corey Jones, proceeding *pro se*, filed suit pursuant to 42 U.S.C. § 1983, alleging Defendants Chief City of Toledo Probation Officer Jennifer Friddell, Toledo Municipal Court Clerk of Court Vallie Bowman-English, Judge Robert G. Hart, "Warrant Enforcement Unit Officers," and the Toledo Municipal Court violated his constitutional rights in connection with a warrant issued for Jones's arrest in November 2025 after Jones failed to appear for a probation violation hearing. (Doc. No. 1); *see also City of Toledo v. Jones*, Case No. CRB-23-00606.  Jones is serving a five-year term of probation because he previously was found guilty before the Toledo Municipal Court on several charges, including telecommunications harassment.  On February 19, 2026, I dismissed Jones's complaint pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief could be granted because Jones failed to allege what each Defendant specifically did to violate his rights. (Doc. No. 12).

On March 3, 2026, Jones filed an amended complaint, in which he names Friddell, Judge Hart, and the City of Toledo as Defendants.  (Doc. No. 16).  He alleges Fridell violated his Fourth

Amendment rights by "knowingly or recklessly [making] materially false statements and omissions in connection with [a] warrant application," and he seeks a declaratory judgment against Judge Hart declaring that the warrant was issued in violation of the Fourth Amendment.  (*Id.* at 5-6).  Jones alleges the City of Toledo is liable for failing to properly train Friddell.  (*Id.*).  And he also alleges violations of his First, Fifth, Sixth, and Eighth Amendment rights.  (*Id.* at 8-9).

For the reason stated below, I dismiss Jones' complaint.

## II.    STANDARD

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citation and quotation marks omitted).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*

2

In reviewing a complaint, I must construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).  Moreover, a court may consider "matters of public record" in addition to the plaintiff's allegations.  *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

### III.    DISCUSSION

As I noted above, I previously dismissed Jones's complaint for failure to state a plausible claim for relief.  The Sixth Circuit has held that an initial dismissal of a *pro se* plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) generally should be considered a dismissal without prejudice, and the plaintiff may request to file an amended complaint.  *See, e.g., Rashada v. Flegel*, No. 23-1674, 2024 WL 1367436, at *4 (6th Cir. Apr. 1, 2024) ("[C]onsistent with the liberal treatment afforded to *pro se* plaintiffs, we have previously recognized that district courts should afford *pro se* plaintiffs special consideration when granting leave to amend complaints.") (citing *Berndt v. Tennessee*, 796 F.2d 879, 882 (6th Cir. 1986), and *Brown v. Matauszak*, 415 F. App'x 608, 614-15 (6th Cir. 2011)).  Therefore, I will consider whether Jones's proposed amended complaint would remedy the earlier deficiencies and satisfy the Rule 12(b)(6) standard.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the constitution by a person acting under color of state law.  *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).  Moreover, a § 1983 plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

I will consider Jones's claims against each of the Defendants in turn.

### A.    JUDGE HART

Jones alleges Judge Hart, "a retired judge acting outside of any judicial capacity, issued a bench warrant without lawful authority, consent, or jurisdiction."  (Doc. No. 16 at 3).  He also

3

claims Judge Hart was "acting in an administrative capacity." (*Id.* at 7). But the state court record disproves Jones's allegations. *See Granader v. Pub. Bank*, 417 F.2d 75, 82 (6th Cir. 1969) ("Federal courts may take judicial notice of proceedings in other courts of record.") (citing cases).

Toledo Municipal Court Judge Amy Berling initially was assigned to hear Jones's cases. But, on October 4, 2023, Judge Berling disqualified herself from continuing on the cases due to Jones's "repeated personal threats against [her]." *State v. Jones*, Case No. CRB 23-00606, Order filed Oct. 6, 2023. The Chief Justice of the Supreme Court of Ohio appointed Judge Hart as a visiting judge overseeing Jones's cases on October 10, 2023. *Id.*, Order filed Oct. 10, 2023. After Jones was convicted on March 22, 2024, he sought to disqualify Judge Hart from presiding over any further proceedings in his cases. The Supreme Court of Ohio denied Jones's disqualification petition, holding that Jones failed to show Judge Hart had an interest in the proceedings or that Judge Hart was biased or prejudiced against him and in favor of the prosecution. *Id.*, Judgment Entry and Decision dated June 17, 2024. Thus, the relevant Toledo Municipal Court records demonstrate that Jones's allegation that Judge Hart acted without jurisdiction lacks any factual basis.

Jones's second allegation lacks a factual basis as well. "Judges generally speaking have broad immunity from being sued." *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019) (citations omitted). Moreover, "[i]t is well-settled . . . that the issuance of an arrest warrant is a judicial act for judicial immunity purposes." *DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999). Judge Hart issued a bench warrant for Jones's arrest on November 19, 2025, after Jones failed to appear for a probation violation hearing.[1] *See State v. Jones*, Case No. CRB 23-00606, Orders filed Oct. 22, 2025,

---

[1] Rather than appear for the hearing, Jones filed a "Sworn Declaration of Revocation," in which he attempted to "revoke" his consent to the terms and conditions of his probation. *State v. Jones*, Case No. CRB 23-00606, Declaration filed Nov. 19, 2025. But, as I previously held, Jones's attempts to evade the jurisdiction of the Toledo Municipal Court have no legal merit. (Doc. No. 8 at 2).

and Nov. 19, 2025. The state court records again show Jones's allegation that Judge Hart acted in an administrative capacity has no factual basis.

I conclude Judge Hart is entitled to judicial immunity with respect to his issuance of the November 19, 2025 bench warrant and dismiss him as a defendant in this case.

## B. CITY OF TOLEDO DEFENDANTS

Jones alleges Friddell violated his Fourth Amendment protection against unreasonable seizures by "knowingly or recklessly [making] materially false statements and omissions in connection with [a] warrant application." (Doc. No. 16 at 5). He further alleges these materially false statements and omissions were necessary to a probable cause filing and that the warrant would not have been issued without Friddell's statements or omissions. (*Id.*). These allegations again are disproven by the state court record.

"A bench warrant, as defined in Black's Law Dictionary, is 'a writ issued directly by a judge to a law-enforcement officer, [especially] for the arrest of a person who . . . *has failed to appear for a hearing or trial.*'" *In re J.R.R.*, 2014-Ohio-3550, 2014 WL 4057891, *5 (Ohio Ct. App. Aug. 18, 2014) (citing Black's Law Dictionary (9th ed. 2009)) (emphasis by *In re J.R.R.*). Ohio trial courts have the "authority to issue bench warrants for [a defendant's] arrest upon failure to appear." *State v. Strohl*, 2018-Ohio-4266, 2018 WL 5250174, *4 (Ohio Ct. App. Oct. 18, 2018) (citing Ohio Rev. Code §§ 2937.29 and 2937.43).

Jones does not identify any warrant in his state court proceedings other than the bench warrant. (*See* Doc. No. 16). Nor does the docket of Jones's state court case. *See, generally, State v. Jones*, CRB 23-00606. Because Judge Hart issued a bench warrant due to Jones's failure to appear – and not based upon a probable cause finding informed by Friddell's sworn affidavit – I conclude Jones's allegations concerning Friddell's conduct lack a factual basis. Therefore, I dismiss Jones's Fourth Amendment claim against Friddell.

5

I also dismiss Jones's claim against the City of Toledo. A municipality may be held liable pursuant to § 1983 if there is an "'official municipal policy of some nature caused a constitutional tort.'" *Pembaur v. City of Cincinnati*, 475 U.S. 469, 477 (1986) (quoting *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978)). But [t]here can be no liability under *Monell* without an underlying constitutional violation." *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (citing *Scott v. Clay Cnt'y, Tenn.,* 205 F.3d 867, 879 (6th Cir. 2000)). Because I dismissed Jones's claim against Friddell, Jones cannot maintain a § 1983 claim against the City of Toledo.

## C.    BOWMAN-ENGLISH

Though he did not include her in the "Parties" section of his amended complaint, Jones alleges "Defendant Vallie Bowman-English, Clerk of the Toledo Municipal Court, signed fraudulent documents and coordinated enforcement of void warrants, further facilitating deprivation of Plaintiff's private rights." (Doc. No. 16 at 3). To the extent Jones seeks to assert a claim against Bowman-English, I conclude Jones fails to state a plausible claim for relief.

Jones alleges Bowman-English "signed" a warrant in her capacity as the Clerk of Court. It is well-settled that absolute judicial immunity covers a clerk of court's "involvement with the issuance of arrest warrants." *Leppla v. Kagel*, No. 3:19 CV 2487, 2020 WL 5106841, at *4 (N.D. Ohio Aug. 31, 2020) (citing *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988)). And Jones does not allege Bowman-English violated his right through any non-judicial act. Therefore, I dismiss this claim.

## D.    REMAINING CLAIMS

Finally, Jones asserts claims under the First, Fifth, Sixth, and Eighth Amendments. (Doc. No. 16 at 8-9). He contends "the actions and omissions of Defendants violated" his rights and protections under those Amendments. (*Id.* at 8).

As I previously stated, "a § 1983 plaintiff 'must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" (Doc. No.

6

12 at 2-3) (quoting *Iqbal*, 556 U.S. at 676).  Jones again has failed to do so.  Jones does not allege what any particular Defendant specifically may have done to violate his constitutional rights.

Therefore, I conclude these claims must be dismissed pursuant to § 1915(e)(2)(B).  *See Lillard v. Shelby Cnty. Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996) (noting a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief); *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (holding where a person is named as a defendant in a case without an allegation of specific conduct, a complaint is subject to dismissal even under the liberal construction afforded pro se pleadings).

### IV.    CONCLUSION

For the reasons stated above, I deny, pursuant to 28 U.S.C. § 1915(e), Plaintiff Corey Jones's motion to file an amended complaint for failure to state a claim upon which relief may be granted. (Doc. No. 16).  Because Jones has failed to remedy the defects in his original complaint, I dismiss this case with prejudice.


So Ordered.


s/ Jeffrey J. Helmick
United States District Judge